UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WENDY RENEÉ CARLTON

VERSUS

ALPHABET INC., *et al.*

CIVIL ACTION

NO. 26-156

SECTION M (2)

## ORDER & REASONS

Before the Court is a motion to dismiss filed by defendant Alphabet Inc. ("Alphabet") pursuant to Rules 12(b)(1) (lack of standing as a component of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure.[1]  The motion is substantially similar to the one filed by defendant Microsoft Corporation ("Microsoft").[2] Alphabet, like Microsoft, argues that dismissal under Rule 12(b)(1) for lack of standing is warranted because plaintiff's rambling, incoherent complaint does not state any facts showing that she suffered an actual, concrete, and particularized injury in fact that is traceable to any specific act of Alphabet or that Alphabet, a private entity, took any particular action that violated her Fourth or Fourteenth Amendment rights.[3]  Additionally, Alphabet, like Microsoft, advocates for dismissal under Rule 12(b)(6) for failure to state a claim, arguing first that plaintiff, in her complaint, does not plead any facts whatsoever as to Alphabet.[4]  Alphabet also contends that dismissal under Rule 12(b)(6) is appropriate because, as a private entity, it cannot be held liable for constitutional violations.[5]

---

[1] R. Doc. 35.
[2] R. Doc. 14.
[3] R. Doc. 35-1 at 4-5.
[4] *Id.* at 6.
[5] *Id.* at 6-7.

Plaintiff Wendy Reneé Carlton, who is proceeding *pro se*, responds in opposition.[6] Similar to her opposition to Microsoft's motion to dismiss, Carlton contends here that she has standing and has stated a claim against Alphabet because she alleges that she has observed patterns in Alphabet's operating systems that violate her rights.[7] She also conclusorily states (or, alternatively framed, asserts her suspicion) that Alphabet jointly participated with the government so as to be liable for the violation of her constitutional rights.[8]

In reply, Alphabet argues that the Court should dismiss Carlton's claims against Alphabet for the same reasons it dismissed her claims against Microsoft – namely, lack of standing and failure to state a claim.[9] Alphabet also contends that Carlton's opposition did not address her pleading deficiencies and that discovery would amount to a fishing expedition.[10] Moreover, Alphabet points out that Carlton cannot establish by speculation that it is a state actor.[11]

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that Alphabet's motion to dismiss should be granted for the same reasons as was Microsoft's motion to dismiss, namely, the Court's lack of subject-matter jurisdiction over Carlton's claims against Alphabet for want of standing, and the complaint's failure to state any viable claims against Alphabet.[12]

---

[6] R. Doc. 37.  A court liberally construes a *pro se* party's filings and those filings are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quotation omitted).  Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and the substantive law.  *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (observing that a *pro se* plaintiff is not "exempt ... from compliance with the relevant rules of procedural and substantive law" (quotation omitted)).  "A court will squint at *pro se* filings to discern what may be there – but it will not see things that are not there."  *Brown v. Brown*, 2025 WL 1811326, at *3 (N.D. Tex. July 1, 2025) (citing *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018) ("[T]here are limits on how far we will go to assist *pro se* plaintiffs.")).

[7] R. Doc. 37 at 1-7.

[8] *Id.* at 5.

[9] R. Doc. 39 at 1-2.

[10] *Id.* at 2-3.

[11] *Id.* at 3-4.

[12] *See* R. Doc. 33.  Carlton's mantra that she "observed recurring communications, system-generated outputs, and system behavior that deviated from expected account activity within Defendant-operated systems," R. Doc. 37 at

Accordingly, for the foregoing reasons,

IT IS ORDERED that Alphabet's motion to dismiss (R. Docs. 35) is GRANTED, and Carlton's claims against it are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 30th day of April, 2026.

 

 

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

2; *see also id.* at 3-5, 7, merely describes, at the most general of levels, her own perceptions; it does not delineate "a standard of care for liability," as Alphabet aptly notes.  R. Doc. 39 at 3.