UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WENDY RENEÉ CARLTON

VERSUS

ALPHABET INC., *et al.*

CIVIL ACTION

NO. 26-156

SECTION M (2)

### ORDER & REASONS

Before the Court is a motion to dismiss filed by defendant Walmart Inc. ("Walmart") pursuant to Rules 12(b)(1) (lack of standing as a component of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure.[1]   The motion is substantially similar to the ones filed by defendants Microsoft Corporation ("Microsoft") and Alphabet Inc. ("Alphabet").[2]   Walmart, like Microsoft and Alphabet, argues that dismissal under Rule 12(b)(1) for lack of standing is warranted because plaintiff's rambling, incoherent complaint does not state any facts showing that she suffered an actual, concrete, and particularized injury in fact that is traceable to any specific act of Walmart or that Walmart, a private entity, took any particular action that violated her Fourth or Fourteenth Amendment rights.[3]   Additionally, Walmart, like Microsoft and Alphabet, seeks dismissal under Rule 12(b)(6) for failure to state a claim, arguing first that plaintiff, in her complaint, does not plead any facts whatsoever as to Walmart.[4]   Walmart also contends that dismissal under Rule 12(b)(6) is appropriate because, as a

---

[1] R. Doc. 36.
[2] R. Docs. 14; 35.
[3] R. Doc. 36-1 at 2-4.
[4] *Id.* at 1, 4-8.

private entity having no plausibly alleged government involvement, it cannot be held liable for constitutional violations.[5]

Plaintiff Wendy Reneé Carlton, who is proceeding *pro se*, responds in opposition.[6] Similar to her opposition to Microsoft's and Alphabet's motions to dismiss, Carlton contends here that she has standing and has stated a claim against Walmart because she partook in "recurring Walmart-operated interactions, including Walmart-operated locations, Walmart pharmacy-related services, Walmart.com activity, recurring consumer purchases, account-linked interactions, and ongoing consumer relationships specifically tied to Walmart-operated systems and Plaintiff."[7] She lists four Walmart locations in her opposition and states that she made repeated purchases and received a COVID-19 vaccine at one of these locations, which she claims interfered with her bodily autonomy and resulted in improper data collection for the government.[8] Carlton also conclusorily states (or, alternatively framed, asserts her suspicion) that Walmart jointly participated with the government so as to be liable for the violation of her constitutional rights.[9]

In reply, Walmart argues that the Court should dismiss Carlton's claims against Walmart for the same reasons it dismissed her claims against Microsoft and Alphabet – namely, lack of standing and failure to state a claim.[10] Walmart also contends that Carlton's opposition did not

---

[5] *Id.* at 8-9.

[6] R. Doc. 42. A court liberally construes a *pro se* party's filings and those filings are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quotation omitted). Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and the substantive law. *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (observing that a *pro se* plaintiff is not "exempt ... from compliance with the relevant rules of procedural and substantive law" (quotation omitted)). "A court will squint at *pro se* filings to discern what may be there – but it will not see things that are not there." *Brown v. Brown*, 2025 WL 1811326, at *3 (N.D. Tex. July 1, 2025) (citing *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018) ("[T]here are limits on how far we will go to assist *pro se* plaintiffs.")).

[7] R. Doc. 42 at 4-6 (quote at 6).

[8] *Id.* at 2-3, 7-9.

[9] *Id.* at 2, 6-11.

[10] R. Doc. 43.

address her pleading deficiencies and that discovery would amount to a fishing expedition.[11] Walmart points out that cannot amend her complaint by means of an opposition to a motion to dismiss, but even if she could, she has not alleged sufficient facts to show standing, any wrongdoing on Walmart's part, or its coordinated activity with a governmental actor that rises to the level of state action.[12]

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that Walmart's motion to dismiss should be granted for the same reasons as were the motions of Microsoft and Alphabet – namely, the Court's lack of subject-matter jurisdiction over Carlton's claims against Walmart for want of standing, and the complaint's failure to state any viable claims against Walmart.[13]

Accordingly, for the foregoing reasons,

IT IS ORDERED that Walmart's motion to dismiss (R. Doc. 36) is GRANTED, and Carlton's claims against it are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 28th day of May, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[11] *Id.* at 1-5, 6.
[12] *Id.* at 1-10.
[13] *See* R. Docs. 33; 41.